# Bradley *v.* Congoleum Nairn, Inc., and Maryland Casualty Company, Appellant.

*Workmen's compensation—Accident—Death of Employee—Course of employment—Act of June 26, 1919, P. L. 665, section 427.*

In a claim for compensation for death under the workmen's compensation act the testimony showed that deceased was caught be-

tween a monitor and the roof of defendant's plant where he worked as he was coming through the roof to the place of his employment.

In such case an award of compensation to the deceased's dependent was proper. The statute does not require that one actually be engaged in the furtherance of the business of the employer. It provides that the injury is compensable if it occur in the course of the employment and does not provide that it must arise out of it, nor that the employee must be actually engaged in his work at the time of injury.

Argued November 21, 1927. Appeal No. 98, October T., 1927, by defendant from judgment of C. P., Delaware County, June T., 1926, No. 2124, in the case of Sarah Bradley v. Congoleum Nairn, Inc., defendant and Maryland Casualty Company, Insurance Carrier. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from an award of the Workmen's Compensation Board. Before FRONEFIELD, P. J.

The facts are stated in the following opinion of the lower court:

The plaintiff seeks recovery from the defendant, under the Compensation Law, for the death of her son, Charles Edgar Bradley.

The Referee found that the deceased, was, on May 27th, 1925, in the employ of the defendant, as a "down take lever operator," and on that day, while in the course of his employment with the defendant, in their plant at Marcus Hook, Pennsylvania, he met with an accidental injury, when his head and a part of his shoulder were caught between the monitor and the roof; that he was thus found dead about 5:15 P. M.; that his death resulted from strangulation which apparently was due to the monitor being lowered while the decedent was coming through the roof, to the place of his employment, and concludes that his dependent is entitled to compensation. These findings were approved by the Board and were supplemented by the finding that: "There was nothing in the facts pre-

sented to prove a virtual abandonment of the course of his employment by the decedent at the time of the accident, nor was he engaged in something wholly foreign thereto."

The Court is now asked to reverse the award because it is alleged, there is no legally sufficient evidence that the injury occurred while deceased was actually engaged in the furtherance of the business or affairs of the employer. The statute does not require that he should be so employed to make his injury compensable. It provides that the injury is compensable if it occur in the course of the employment, and does not provide that it must arise out of it, nor that he must be actually engaged in his work, at the time of the injury. Dzikowska v. Superior Steel Co., 259 Pa. 578; Hale v. Savage Fire Brick Co., 75 Superior Court Reports 454. Nor is it necessary, as contended, to find as a fact that the injury occurred on the premises upon which the employer's business or affairs are being carried on, and that the employe's presence thereon was required by the nature of his employment if it be found, upon sufficient evidence, that the injury occurred in the course of the employment.

Section 301 of the act provides that the compensation shall be made: "For personal injury to......such employe, by an accident in the course of his employment......" and that "the term 'injury by an accident in the course of his employment,' "...... shall include ......" injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on,

the employee's presence thereon being required by the nature of the employment.''

Judge KELLER in Hale v. Savage Fire Brick Company, 75 Superior Court Reports 454 said: ''It will be noted that these clauses relating to the term 'injury by an accident in the course of his employment' do not purport to be a definition of that phrase; they simply provide that certain injuries shall not be included in the term and that certain others shall; they explain but do not limit the term except as they provide what shall not be included thereby. We are therefore called upon to decide whether the basic facts as found by the Referee negative his conclusion that the claimant was injured by an accident in the course of his employment.''

The employer also contends that there was no legally sufficient evidence that the injury occurred during the hours of employment of the deceased or in the course of his employment.

The findings of fact are not as comprehensive as it is advisable to make them, so that the conclusion may from them be properly reached, that the defendant was injured while in the course of his employment. Flucker v. Carnegie Steel Co., 263 Pa. 113; Gurski v. Coal Co., 262 Pa. 1.

The finding, however, was made that the deceased was so injured: Stahl v. Watson Coal Co., 268 Pa. 452, and this finding may be based upon positive as well as upon circumstantial evidence: Laraio v. Penna. Railroad Co., 277 Pa. 383; Flucker v. Carnegie Steel Co. supra, and in passing upon the correctness of the finding, we are limited to a determination of the questions whether or not there is competent evidence to support the findings and whether the law has been properly applied: Rodman v. Smedley, 276 Pa. 296; Poffinberger v. Martin Co., 83 Superior Court Reports 524.

The deceased need not be at his actual place of

work, at the time of his injury, if he is injured during his hours of employment, so long as the nature of his employment demands his presence on the premises, even though he is not where his work requires him to be, if there is nothing to show that he has virtually abandoned the course of employment, or that he was engaged in something wholly foreign to it: Malky v. Kiskiminetas Valley Coal Co., 278 Pa. 552; Dzikowska v. Superior Steel Co., 259 Pa. 578; Berlin v. Crawford, 86 Superior Court Reports 283; Callihan v. Montgomery, 272 Pa. 56; nor is an employe off the premises, though he is not in that part of the building where his work required him to be. Many things may temporarily take him from his work, and still leave him in the course of his employment: Gurski v. Coal Co., 262 Pa. 1; Blouss v. Delaware etc. R. R. Co., 73 Superior Court Reports 95; Siglin v. Armour Co., 261 Pa. 30; Granville v. Scranton Coal Co., 76 Superior Court Reports 335; Callihan v. Montgomery, 272 Pa. 56; Dzikowska v. Superior Steel Co., 259 Pa. 278.

"Where no facts appear indicating anything to the contrary, it may be presumed logically that an employe at his regular place of service, during his usual working hours, is there in discharge of some duty incident to his employment; and when the dead body of an employe is found on the premises of his employer, at or near his regular place of service, under circumstances fairly indicating an accidental death which probably occurred during the usual working hours of the deceased, the inference may fairly be drawn, in the absence of evidence to the contrary, that the employee was injured in the course of his employment: Flucker v. Carnegie Steel Co., 263 Pa. 113; Laraio v. Penna. R. R. Co., 277 Pa. 383."

The testimony is in effect that the injured employe was in the employ of the defendant and was working in the building on the roof of which he was injured on the day of his injury; that about 3:30 o'clock in

the afternoon the machinery in this building broke down and the injured man and others, while the machinery was being repaired, were sent to take out some paper from the building and to load it on cars, which required about three-quarters of an hour, after which about 4:15 or 4:30 o'clock the injured employe went up the fire escape into the building and was there helping the machinist with the broken machinery; the injured man said he was warm and that he was going out to get some air and his father took his place about 4:40 P. M. in assisting the machinist—quitting time was five o'clock. The injured man upon giving his father his place, went out the door and was, about 4:50, going toward the fire escape leading to the roof. He was found dead about 5:10 with a heavy skylight, closed on his body, on the roof of the building in which he worked.

The men to get air sometimes went up the iron work on the inside of the building and through the skylight to the roof and sometimes came down the same way, though the fire-escape also led on the outside of the building from each floor to the roof. From this skylight, a view may be had into the building to see if machinery is started, though from where the injured man was found, he could not see his actual work place.

From the testimony and its application to the authorities, and from the circumstances, it is fairly deducible that on May 27th, 1925, the injured employe was accidentally injured on the premises of the defendant, while in the course of his employment by the defendant and during the hours of his employment.

It follows that the appeal should be and it is hereby dismissed; the award of the Referee, sustained by the Compensation Board, is affirmed, and judgment is hereby entered in favor of the plaintiff and against the defendant under the Act of June 26th, 1919, P. L. 665, Section 427.

The court affirmed the award of the Workmen's Compensation Board. The insurance company appealed.

*Error assigned,* among others, was the entry of judgment.

*Louis Wagner,* and with him *R. A. Smith* and *W. H. Whittle,* for appellant.—The deceased was not in the course of his employment at the time of the injury: Palko v. Taylor, McCoy, C. & C., 289 Pa. 401; Spizzrri v. Krouse, 73 Pa. Superior Ct. 476; Kuca v. Lehigh Val. Coal Co., 268 Pa. 163; Dzikowski v. Superior Coal Co., 259 Pa. 278; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; Tolan v. P. & R. & C. & I., 270 Pa. 12; Shickley v. P. & R. & I. & C., 274 Pa. 360; Boscola v. Pa. C. & C. Co., 90 Pa. Superior Ct. 456.

*J. Eugene Walker,* and with him *William Taylor,* for appellee.

Per Curiam, March 2, 1928:

This is a Workmen's Compensation case. The accident resulting in the employe's death occurred at the building in which he worked, and during the usual hours of employment. The appellant insurance carrier contends that the accident did not occur in the course of the deceased's employment or at a place where his presence was required by the nature of his employment. These contentions are sufficiently answered in the opinion of the learned court below.

The judgment is affirmed on the opinion of the Court of Common Pleas of Delaware County.