Sinko, Appellant, v. Bethlehem Steel Co.

358

Argued December 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*D. M. Garrahan*, for appellant, cited: Williams v. Susquehanna Coal Co., 5 Pa. W. C. B. 248; Hale v.

Savage Fire Brick Co., 75 Pa. Superior Ct. 454; Oldinsky v. P. & R. Co., 92 Pa. Superior Ct. 328.

*R. S. Taylor* of *Taylor, Schrader & Taylor,* for appellee, cited: McDevitt v. Checker Cab Company, 288 Pa. 394; Dalton v. Gray Line Motor Tours, 95 Pa. Superior Ct. 289.

OPINION BY STADTFELD, J., March 8, 1932:

The widow and children of Frank Sinko, deceased, filed their petition with the Workmen's Compensation Board against Bethlehem Steel Company, claiming compensation as dependents of Frank Sinko, deceased, for fatal injury inflicted upon the person of Frank Sinko, deceased, while in the employ of the said company.

Defendant filed an answer denying that Frank Sinko, deceased, died as a result of an accident occurring in the course of employment, and alleging that the fatal injury was caused by an act of a third person because of reasons personal to him and not directed against him as an employee or because of his employment.

Frank Sinko, now deceased, was, on February 18, 1930, in the employ of the defendant, and at six o'clock in the evening Sinko, Procak and Lipsky "punched in" at the Merchant Mill (a twelve inch rolling mill) of the defendant and all three were standing at the roll (their place of employment) waiting for their work (the steel) to come through the roll. This took three or four minutes for the steel to come through the rolls. While so standing, Sinko, the decedent, touched Procak, who was sensitive, in the rectum. Procak jumped and Lipsky touched Procak in the same region. All three were long time friends and were on very friendly terms. Sinko and Procak engaged in a friendly bout and while so engaged, Procak struck Sinko a blow in the solar-plexus, from which blow Sinko almost im-

mediately died. There was no malice, no anger and no angry words spoken between or among the parties.

On October 13, 1930, after hearing on October 2, 1930, Thomas C. Sieidel, referee, awarded compensation to the claimant dependents, from which award the defendant appealed to the Workmen's Compensation Board. On February 18, 1931, the board affirmed the findings of fact, conclusions of law and award of the referee, and dismissed the appeal. From this the defendant appealed to the court of common pleas of Northampton County. STOTZ, J., sustained the exceptions filed by the defendant, and reversed the board, and directed judgment to be entered in favor of the defendant and against the plaintiff.

From the judgment so entered, this appeal has been taken.

The facts as above stated are not in dispute.

Section 301 of Article III of the Workmen's Compensation Act of June 2, 1915, P. L. 736; 77 P. S. 411, provides: "The term, 'injury by an accident in the course of his employment' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment; ......"

It was not intended by the Legislature that this court should be an appellate administrative tribunal to weigh the evidence submitted to the referee or the board. Our revisory powers are limited to a determination of the question, whether there is evidence to support the findings and whether the law has been properly applied under the facts so found: Callihan v. Montgomery, 272 Pa. 56, 61; O'Rourke v. O'Rourke, 278 Pa. 52, 54; Labuck v. Mill Creek Coal Co., 292 Pa. 284, 286.

The act does not require that the accident resulting in an injury must "arise out of the employment," but

only that it occur "in the course of the employment": Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; Bradley v. Congoleum Nairn Co., 92 Pa. Superior Ct. 374; Dzikowska v. Steel Company, 259 Pa. 578, 581; Lane v. Horn & Hardart, 261 Pa. 329; Meucci v. Gallatin Coal Co., 279 Pa. 184.

In Oldinsky v. P. & R. Co., 92 Pa. Superior Ct. 328, compensation was allowed for death of employee caused by sliding down chute in coal breaker at noon, and on page 329, this court said: "The phrase 'in the course of his employment' as used in our Workmen's Compensation Act has been construed by our Supreme Court to be 'broad enough to include every injury received on the premises of the employer, during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto': Callihan v. Montgomery, 272 Pa. 56, 63."

In Hale v. Savage Fire Brick Company, supra, claimant was injured while escaping from fellow-employees who attempted to seize him at lunch time. In that case, this court said: "The act does not require that the employee should be actually engaged in his work when he is injured in order to make his injury compensable."

In Meucci v. Gallatin Coal Company, 279 Pa. 184, the Supreme Court said: "The burden rested on defendant to show the claim came within the exception to liability, as defined by the act, and that the injury resulted from an attack arising from personal difficulties, and this it failed to meet."

The appellee relies upon the case of Cawley v. American Railway Express Company, 276 Pa. 160, where two employees entered into a fight having no relation to the employment. Compensation was refused for injury during the fight.

In O'Rourke v. O'Rourke et al., 278 Pa. 52, 55, the cases of Hale v. Savage Fire Brick Company, supra, and Cawley v. Express Company, supra, are discussed, and the essential differences pointed out. In that case, the court said:

"In the course of employment 'shall include all other injuries sustained while the employee is actually engaged in the furtherance of the interest of the employer whether upon the employer's premises or elsewhere.' An illustration of the application of this rule is found in Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, where compensation was allowed for injuries received by falling while the employee was engaged, during the lunch hour, in playful sport with fellow employees from whom he was attempting to escape. On the other hand, in Cawley v. Express Co., 276 Pa. 160, compensation was refused for injuries resulting from an assault committed by one employee upon another during a quarrel over personal matters not relating to their employment, claimant having sustained his injuries by stumbling from a platform on the employer's premises, while endeavoring to avoid his assailant. The basis of the decision is found in the following extract from the opinion (page 163): 'The conflict was solely an individual matter arising from the animosity of the two involved and in this differs from Hale v. Savage Fire Brick Company, supra, relied on below, which really turned on whether the claimant at the time was in the course of his employment. Clearly, the boy there hurt was not engaged in an encounter arising from personal enmity.' Had there been in the present

case previous differences between deceased and the persons who assaulted him, and the attack made for that reason, the rule in Cawley v. Express Company would apply. No personal animosity existed, however, and the attack, so far as the evidence shows, was without provocation or premeditation and merely the result of an evil mind excited by an excessive use of liquor. In our opinion, an attack from such source was an unexpected happening in the course of decedent's employment and properly the subject of compensation.''

In the instant case, the essential feature to bring the same within the exception of Section 301 supra is lacking. Under the undisputed facts, the injury was not caused by an act of a third person, ''intended to injure the employee because of reasons personal to him'' .......

All of the cases cited by appellee are readily distinguishable from the instant case.

The assignments of error must therefore be sustained.

The judgment is reversed, and the record remitted to the court below with instructions to enter judgment in favor of the claimant for the amount stated in the award.