General Electric Company and Electric Mutual Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Robert Williams, Respondents.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three. Reargued February 5, 1980, before President Judge Bowman and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judges MENCER and MACPHAIL did not participate.

*Charles S. Katz, Jr.,* with him *Swartz, Campbell & Detweiler,* for petitioners.

*Thomas R. Bond,* with him *James M. Marsh, Albert E. Hart, Jr.,* and *LaBrum and Doak,* for respondents.

OPINION BY JUDGE CRAIG, March 11, 1980:

This is an appeal by General Electric Company and Electric Mutual Insurance Company (employer) from a decision of the Workmen's Compensation Appeal Board (Board) reversing the referee's denial of benefits to Robert Williams (claimant). We affirm the Board.

Claimant's injury occurred while he was returning from employer's vending machines to his work area, carrying two soft drinks. As he was walking, claimant passed a co-worker, Lundell, walking in the opposite direction. In a manner not clearly evidenced in the record, claimant's soft drinks splashed into Lundell's face, and claimant fell into a scrap bin, severely lacerating his left nostril.

Claimant filed a claim with employer for compensation, which the employer denied. Claimant appealed, and, after a hearing, the referee found: (Emphasis added)

2. As Claimant approached Lundell, *for reasons personal to Lundell* and not related to Lundell's or Claimant's employment, *Lundell made a remark* which Claimant *resented.* Claimant *retaliated* by throwing both cups of soda into the face of Lundell.

3. Lundell, in turn, pushed (attempted to *retaliate* against) Williams.

4. As a result of this action by Lundell, Claimant was caused to trip and fall over pallets, known as bullpens, and to sustain an avulsion laceration of the left nostril.

5. Claimant was caused to trip and fall as a result of the assault upon his person by Mike Lundell which assault was motivated by reasons personal to the assailant.

The referee therefore denied claimant benefits, relying on Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, (Act) which states:

The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed

against him as an employe because of his employment. . . .

Claimant appealed to the Board, which reversed the referee, taking no additional evidence.

As a general rule, the burden of proof is on a claimant to show that he has suffered a compensable injury. *Hudack v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 508, 379 A.2d 1074 (1977). However, when an employee is injured on the work premises by the act of a co-employee, there is a rebuttable presumption that the employee is covered by the Act. *McBride v. Hershey Chocolate Corporation*, 200 Pa. Superior Ct. 347, 188 A.2d 775 (1963). Therefore, where it is alleged that compensation is not payable under Section 301(c), the burden of proving that an injury was caused by an act of a third person, intending to injure for reasons personal to the assailant, rests with the employer. *Cleland Simpson Co. v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 566, 332 A.2d 862 (1975). The Board found that employer had not met that burden.

Section 423 of the Act, 77 P.S. §854, states that upon appeal of a referee's decision to the Board, "the board may disregard the findings of fact of the referee if not supported by competent evidence." *See Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). In addition, the Board may determine whether the referee committed an error of law. *Workmen's Compensation Appeal Board v. P.M.A.I.C.*, 23 Pa. Commonwealth Ct. 203, 351 A.2d 295 (1976).

We hold as a matter of law that the Board's action was proper and within its scope of review. At the hearing before the referee, claimant presented three witnesses—himself, employee Lundell and Frisoli, a shop steward. The employer also presented three witnesses—William Toohey, who was an industrial safe-

ty specialist for employer, and Richard Clough and William Wiler, both supervisors for employer.

Among those six witnesses, both claimant and Lundell testified that claimant had fallen, and was neither pushed nor threatened. On cross-examination, Lundell testified that he had spoken jokingly to claimant "kidding around." Shop steward Frisoli testified that he did not see the incident.

Wiler, a witness for employer, testified that Frisoli, the shop steward, had told him that claimant had told Frisoli that Lundell had made a move as if to upset the drinks, that claimant had thrown the soda in Lundell's face and then tried to run away to avoid retaliation, at which time claimant tripped and fell. Supervisor Clough testified for the employer that Lundell had told him that Lundell had made a move as if to upset the drinks, that claimant had splashed them in Lundell's face, at which time Lundell "made a move as if to retaliate," that claimant had tried to run away, and had tripped and fallen. Employer's attorney expressly offered Wiler's and Clough's testimony to show prior inconsistent statements by Frisoli and Lundell, respectively. Although a prior inconsistent statement used to impeach a witness is not substantive evidence of the truth of the matter stated, *Wilson v. Pennsylvania Railroad Co.*, 421 Pa. 419, 219 A.2d 666 (1966), the Board (in view of the decision it reached) did not treat the Wiler and Clough testimony as inadmissable for substantive consideration.

Witness Toohey testified that he had a conversation with claimant soon after the injury, while claimant was receiving treatment in the dispensary, and that claimant told Toohey that Lundell had "pushed him."

All of the foregoing testimony is, as the Board noted, consistent with horseplay, which does not bar compensation. *Sinko v. Bethlehem Steel Co.*, 104 Pa.

Superior Ct. 357, 159 A. 230 (1932). None of the testimony provides any support for the referee's key finding which says, at the outset, that "Lundell made a remark which claimant resented." Like the Board, we have scrutinized the record, and we can find nothing to support that point. Without it, there is no basis to conclude that Lundell intended to injure claimaint for personal reasons, in that the conclusions as to mutual retaliation are not supported by any overt evidence.

Hence, because the Board correctly found no substantial competent evidence to sustain the employer's burden and the referee's findings as to intent to injure for personal reasons, we affirm the Board.

#### ORDER

AND Now, this 11th day of March, 1980, the decision of the Workmen's Compensation Appeal Board, No. A-73304, dated April 13, 1978, remanding this case to the referee for further consideration as to the amount of any compensation due, is affirmed.

President Judge BOWMAN did not participate in the decision in this case.