**Thomas v. Galgon**

*Gregory L. Schell,* for plaintiff.
*Frank G. Procyk,* for defendant.

LASH, *J.,* August 25, 2009—The matter before this court is the motion of defendant, Edward J. Galgon Jr., for summary judgment. Defendant contends that the within action is barred by the exclusivity provisions of the Pennsylvania Workers' Compensation Statute.[1] For reasons set forth herein, summary judgment is granted.

According to the complaint filed by plaintiff, Jacqueline Thomas, plaintiff suffered injuries on February 25, 2004, when she was attacked and bitten by a dog owned by defendant. Plaintiff further alleges that the dog was known to exhibit aggressive behavior and that defendant knew or should have known that the dog was of a "dangerous and vicious nature . . . predisposed to attacking human beings."[2] She also alleges that defendant had failed to properly keep the dog firmly secured by means

---

1. 77 P.S. §481.
2. Paragraph 6 of plaintiff's complaint.

of a collar or confined sufficiently to prevent the dog from having access to third parties.

The incident occurred on the second floor of a three-story structure owned by defendant. The first two stories were leased by Galgon Inc., a business which operated a restaurant known as "Cab Frye's Tavern," which was located on the first floor. Galgon Inc. utilized the second floor for office, storage, and a bed and breakfast. Defendant resided on the third floor.

Defendant was the president of Galgon Inc., and was an employee of the corporation. Plaintiff was also an employee of the corporation and was present on the premises performing job-related duties when the incident occurred.

The dog was the personal property and a pet of defendant. Plaintiff had previous encounters with the dog, with the interaction always being friendly. On the day in question, plaintiff was present on the second floor of the premises doing office work while the dog set nearby. When the dog approached her, she reached out to pet it, then the attack took place. Defendant was present on the first floor restaurant area at the time of the incident and heard plaintiff's screams, then responded.

In *Jones v. SEPTA,* 565 Pa. 211, 216, 772 A.2d 435, 438 (2001), the Supreme Court restated the standard for granting summary judgment:

"Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth v. Lead Industries Association Inc.,* 547 Pa. 224, 230, 690 A.2d 169, 171 (1997). Summary judgment is proper in cases in which 'an adverse party

who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury.' Pa.R.C.P. 1035.2(2). We review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre*, 532 Pa. 142, 145, 615 A.2d 303, 304 (1992)."

As stated, defendant argues that plaintiff is barred by the Act from obtaining a judgment against defendant. The applicable provision is section 303 of the Act, 77 P.S. §481, which sets forth:

"(a) The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin, or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c) (1) and (2) or occupational disease as defined in section 108.

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request, shall not be liable to a third party for damages, contribution or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered

into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Under these provisions, where an employee's injury is compensable under the Act, the compensation provided by the Act is the employee's exclusive remedy against an employer and also immunizes his or her fellow employees from liability. *Hykes v. Hughes,* 835 A.2d 382, 384 (Pa. Super. 2003). Thus, if plaintiff's injuries are compensable under the Act, she is precluded from bringing suit against defendant.

An injury is compensable under the Act when the injury arose "in the course of employment" and is related to that employment. In *Camiolo v. W.C.A.B. (American Bank Notes),* 722 A.2d 1173, 1174 (Pa. Commw. 1999), the Commonwealth Court, construing section 301 of the Act, 77 P.S. §411, sets forth:

"As stated by our Supreme Court '[a] straight forward reading of the Act demonstrates there are only two requirements for compensability—(1) that the injury arose in the course of employment and (2) that the injury was related to that employment.' 'Injuries may be incurred in the course of employment in two distinct situations: (1) where the employee, whether on or off the premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the of the [sic] employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of premises or by operation of the employer's business or affairs

thereon.' *W.C.A.B. (Slaugenhaupt) v. United States Steel Corp.,* 31 Pa. Commw. 329, 333, 376 A.2d 271, 273 (1977)."

Accordingly, whether plaintiff was actually engaged in her office duties at the time of the attack or took a break from her duties to pet the dog, her injuries are compensable because they arose in the course of employment. She was present on her employer's property and was required to be there for her employment. The injuries sustained were caused by the dog, who was present on the employer's premises due to the actions of a co-employee, a condition of the premises.

We also note that there is no requirement that the negligent acts complained of be acts directly involving employment duties. The Act provides compensation for "all co-employees in all situations where negligent conduct of one employe may cause injury to a fellow employe, provided only that the injury in question is one that is compensable under the Act." *Albright v. Fagan,* 448 Pa. Super. 395, 402, 671 A.2d 760, 763 (1996), citing *Apple v. Reichert,* 443 Pa. 289, 294, 278 A.2d 482, 485 (1971). For example, there is ample case law providing compensation under the Act for injuries stemming from extracurricular actions of a co-employee such as engaging in horseplay. *Edwards v. W.C.A.B. (Value-Plus Inc.),* 894 A.2d 856 (Pa. Commw. 2006); *General Electric Company v. W.C.A.B. (Williams),* 50 Pa. Commw. 45, 412 A.2d 196 (1980).[3]

---

3. There is an exception under section 301 when the employee is injured from an attack by a co-employee for personal reasons. The "personal animus" exception to the exclusivity provision is inapplicable under the facts in this case.

In *Hall v. Carnegie Institute of Technology,* 170 Pa. Super. 459, 87 A.2d 87 (1952), a college storeroom clerk died as a result of a self-inflicted gunshot wound after being misled by a co-employee that the gun was not loaded. The incident occurred during the course of a discussion between the decedent and a professor about supplies for the professor's lab. During the discussion, a special police officer employed by the college was present in the professor's office. The officer was showing the gun to the professor, who was reluctant to handle it. The officer advised the professor that the gun was empty and showed him a handful of bullets from the gun. The decedent took the gun from the officer, placed it to his head, and pulled the trigger, causing his fatal injury. The Superior Court found that the decedent died from injuries suffered in the course of his employment.

In *City of New Castle v. W.C.A.B. (Sallie),* 118 Pa. Commw. 51, 546 A.2d 132 (1988), the plaintiff's decedent died from a disease which was contracted from kissing a co-employee. Likewise, the Commonwealth Court determined that the claim was compensable under the Act, stating that the disease arose in the course of employment and was related thereto.

Plaintiff was an employee of Galgon Inc., present on the premises and engaged in office duties when she suffered her injuries. Her claim is that her injuries were caused by the negligence of a co-employee. Galgon Inc. was required to provide a safe workplace for plaintiff and failed to do so by allowing the dog to be present without sufficient safeguards. As such, the injuries were suffered during the course of her employment. The fact that the dog was the personal property of defendant, not owned by the business, and not present on the business

premises for any business-related purpose, is not a basis for denying plaintiff compensation under the Act. As her injuries would be compensable, the exclusivity provisions apply and she cannot, therefore, sue defendant for damages.

We enter the following order:

## ORDER

And now, August 25, 2009, upon consideration of the motion of defendant, Edward J. Galgon Jr., for summary judgment, response thereto, and upon review of the file, summary judgment is granted. Judgment is entered in favor of defendant, Edward J. Galgon Jr., and against the plaintiff, Jacqueline Thomas.