582 A.2d 39

**WILLS EYE HOSPITAL and Phico Insurance Company, Petitioners**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DEWAELE), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 30, 1988.

Decided Oct. 17, 1988.

Designated as Opinion to be Reported Oct. 30, 1990.

4. *See* 77 P.S. § 531 which governs payment of surgical and medical services and supplies.

Patricia A. Toland, with her, Robin W. Fisher, Philadelphia, for petitioners.

No appearance for respondents.

Before CRAIG and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Wills Eye Hospital (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board

8

(Board) which granted the claim petition of Henry Dewaele (Claimant).[1]   We affirm.

Claimant was employed as an electrician on Employer's maintenance crew.   On March 26, 1985, while on a morning break in Employer's cafeteria, Claimant became involved in a verbal dispute with co-workers, one of whom struck Claimant over the head with an iron pipe.   The referee awarded Claimant benefits for temporary total disability for the period from March 26, 1985 through April 15, 1985, plus fifteen weeks of benefits for a disfiguring scar on Claimant's forehead pursuant to Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(22).   The Board affirmed.   Employer argues that Claimant is not entitled to benefits because Claimant's injuries resulted from the act of a third person who intended to injure Claimant for reasons personal to himself and not because Claimant was an employee or because of his employment.   *See Repco Products Corp. v. Workmen's Compensation Appeal (Habecker)*, 32 Pa.Commonwealth Ct. 554, 379 A.2d 1089 (1977).

On March 26, 1985, Claimant and a number of his co-workers from the maintenance crew were sitting at tables in Employer's cafeteria taking their morning break.   Claimant overheard a conversation between two co-workers discussing the death of a United States soldier who had recently been killed in East Germany.   (R.R. 14a, 26a).   One of the co-workers remarked that the soldier had been a communist and a spy and had gotten what he deserved.   (R.R. 27a).   Claimant had previously served thirty years in the United States military before taking his present job and had served in the military with the deceased soldier for over ten years.   The soldier was a friend of Claimant's family.   (R.R. 15a).   Claimant became upset, confronted the co-worker, and told him not to talk like that.   The break then ended and as the employees were walking back to their shop, Claimant heard the other co-worker in the conversation

---

1.   Claimant has been precluded from filing a brief by order of this Court.

laughing from behind his back. Claimant testified that he told this co-worker not to be laughing at this situation. (R.R. 16a). This co-worker then ran into the shop and returned with an iron pipe with which he struck Claimant. (R.R. 17a, 35a).

In affirming the referee, the Board noted that assuming the testimony of the Claimant is exclusively believed, as is the referee's prerogative, the fight was not so thoroughly unrelated to work as to be excluded pursuant to Section 301(c)(1) of the Act, 77 P.S. § 411(1). We agree. The fact that the assault occurred on Employer's premises creates a presumption that Claimant is covered by the Act, and Employer's burden to rebut this presumption is a heavy one. *Cleland Simpson Co. v. Workmen's Compensation Appeal Board (McLaughlin)*, 16 Pa.Commonwealth Ct. 566, 332 A.2d 862 (1975). In *Cleland* we noted that the burden of proving the intention to injure another employee for reasons personal to the assailant rests with the employer. Assaults which are not purely motivated by personal animosity, or that arise out of a work-related dispute, or even out of horseplay, have been held compensable. *General Electric Co. v. Workmen's Compensation Appeal Board (Williams)*, 50 Pa.Commonwealth Ct. 45, 412 A.2d 196 (1980). The referee accepted the Claimant's testimony that the co-worker who struck him was not involved in the initial argument over Claimant's deceased colleague. (R.R. 15a). Claimant further testified that he was not angry at this co-worker and did not say anything to provoke him. (R.R. 17a).

The referee was well within his rights in rejecting the version of the incident given by Employer's witnesses. *Bruckner v. Workmen's Compensation Appeal Board (Lancaster Area Vo–Tech)*, 104 Pa.Commonwealth Ct. 290, 521 A.2d 980 (1987). Consequently, we have a situation in which an employee admittedly on the job and on Employer's premises and therefore presumptively covered by the Act is injured by a fellow employee whose motivations are unclear. The referee accepted Claimant's testimony that he

did not strike the other employee or otherwise abandon his employment. Under these circumstances, we cannot say that the referee and Board erred in finding that Employer did not meet its heavy burden of rebutting the presumption that Claimant was injured while in the course of his employment. The order of the Board must be affirmed.

## ORDER

NOW, October 17, 1988, the order of the Workmen's Compensation Appeal Board at No. A–92756, dated December 4, 1987, is hereby affirmed.

This decision was reached prior to the resignation of MacPHAIL, J.