591 A.2d 8

**William HELM, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(U.S. GYPSUM COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 21, 1990.

Decided May 9, 1991.

Brian R. Steiner, for petitioner.

Deborah L. Hartwell, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is the appeal of William Helm (Claimant) from the July 31, 1990 order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee denying Claimant workmen's compensation benefits under Section 301(c) of The Pennsylvania Workmen's Compensation Act[1] (Act).

Claimant was employed as a maintenance mechanic for U.S. Gypsum Company (Employer) until his discharge by Employer on or about July 4, 1985. On June 27, 1985, Claimant was involved in a physical confrontation with another employee in the locker room of Employer. As a result of that physical confrontation, Claimant sustained injury to his lower back.[2] The ensuing physical confrontation was as a result of Claimant's continued requests to the employee to refrain from smoking marijuana in Claimant's presence and his continued warnings to the employee that if he failed to stop smoking marijuana in Claimant's presence, Claimant would contact the police.[3]

Claimant filed a claim petition with the Bureau of Workers' Compensation on July 17, 1985 stating that he was injured on Employer's premises by another employee. After depositions and a hearing in the matter, the referee dismissed Claimant's claim petition concluding that Claimant's injury, though occurring on the premises of Employer, was caused by a fellow employee for personal reasons unrelated to Claimant's employment. Thus, the referee concluded that Employer had rebutted the presumption that an employee injured on an employer's premises in an attack

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

2. Both Claimant and the other employee were discharged as a result of this physical confrontation.

3. Claimant's objection to employee's use of marijuana only in the locker room was due to the fact that Claimant and employee did not work side-by-side. The only contact the two had was in Employer's locker room.

by a fellow employee is compensable under the Act. Claimant appealed to the Board; and on July 31, 1990, the Board affirmed the referee's denial of compensation. The matter is now before this Court.

The issue is whether the Board erred in denying Claimant workmen's compensation benefits for injuries sustained on Employer's premises during an altercation with a fellow employee. This Court's scope of review in workmen's compensation cases is to determine whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Substantial evidence exists when there is relevant evidence of record when considered in its entirety which a reasonable person might accept as supporting the conclusion. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986).

Generally, in a workmen's compensation case, the burden of proof is on a claimant to show that he or she has suffered a compensable injury. *Huddleson v. Workmen's Compensation Appeal Board (Department of Military Affairs)*, 83 Pa.Commonwealth Ct. 643, 478 A.2d 518 (1984). However, when an employee is injured on the work premises by the act of another employee, there is a rebuttable presumption that the employee is covered by the Act. *General Electric Co. v. Workmen's Compensation Appeal Board*, 50 Pa.Commonwealth Ct. 45, 412 A.2d 196 (1980). An injured employee is not covered by the Act if his or her injury was caused by an act of a third person who intends to injure for reasons personal to the assailant, and the burden of proving such intent rests with the employer. *Cleland Simpson Co. v. Workmen's Compensation Appeal Board*, 16 Pa.Commonwealth Ct. 566, 332 A.2d 862 (1975). Otherwise, if it can be shown that the assault occurred as a result of employment, the injury will be compensable. *Repco Products Corp. v. Workmen's Com-*

*pensation Appeal Board,* 32 Pa.Commonwealth Ct. 554, 379 A.2d 1089 (1977).

In the matter *sub judice,* Claimant initially argues that the referee and Board required Claimant, rather than Employer, to prove that Claimant's injuries did not result from the personal animosity of a third party. As indicated in the referee's decision, the referee recognized that the burden of proof rests with the Employer. Referee's Decision, p. 4. The referee also concluded that Employer successfully met this burden. Conclusions of Law No. 2. A closer review of the record, however, indicates that the referee, in fact, placed the burden of proving intent by a third party to injure for reasons personal to the assailant on Claimant.

While the presumption exists that an employee injured on the work premises by the act of another employee is covered by the Act, the employer, in asserting that the injured employee is not covered by the Act, must prove that indeed the employee is not covered. *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959), *overruled on other grounds by Freezer Storage, Inc. v. Armstrong Cork Co.,* 476 Pa. 270, 382 A.2d 715 (1978); *Anderson v. Carnegie Steel Co.,* 255 Pa. 33, 99 A. 215 (1916); *General Electric Co.* In the present action, Employer failed to offer any witness or other evidence to prove that personal animosity incited the physical altercation that led to Claimant's injuries. *See Wills Eye Hospital v. Workmen's Compensation Appeal Board (Dewaele),* 135 Pa.Commonwealth Ct. 6, 582 A.2d 39 (1988), *aff'd,* 525 Pa. 504, 582 A.2d 857 (1990). Employer did, however, attempt to impeach Claimant's credibility and elicited testimony through a cross-examination of Claimant who testified that he never reported drug use by the employee to his supervisor and that other employees were using drugs at work without Claimant threatening to report this activity or reporting it to his supervisor. March 6, 1989 Deposition, N.T., pp. 41–42.

It appears from a review of the record that the referee impermissibly shifted the burden of proof to Claimant. The referee found as follows:

12. The Referee deems the testimony of the Claimant that the physical altercation between himself and Simpson was triggered by a dispute over his employment as well as Claimant's statements that he merely defended himself in the fight as simply not credible or persuasive.

Findings of Fact No. 12. Furthermore, in Conclusions of Law, No. 1, the referee states:

1. As *Claimant* has only established that he experienced an injury on the premises of the Defendant caused by a fellow employee for purely personal reasons unrelated to employment, the Claimant Petition must be Dismissed. (Emphasis added.)

■ Employer's burden to rebut the presumption that Claimant's injury is compensable under the Act is a heavy one. *Cleland Simpson Co.* Moreover, a careful analysis of the referee's findings and conclusions demonstrate that the burden was improperly placed upon Claimant to prove that his injuries did not result from the personal animosity of a third party as opposed to a work-related dispute. *See Ciccimaro v. City of Philadelphia*, 110 Pa.Commonwealth Ct. 574, 532 A.2d 1255 (1987) (city fireman was denied benefits by civil service commission and trial court; this Court reversed and remanded for findings as to proper burden of proof, holding that the commission improperly placed on the fireman the burden of proving that he could not return to work based upon his work-related back injury). Accordingly, as the Board erred in affirming the decision of the referee, the Board's order must be vacated and this matter remanded for additional findings and conclusions with instruction to the referee to properly apply the burden of proof applicable in this matter and consistent with the law.

SILVESTRI, Senior Judge, dissents.

## ORDER

AND NOW, this 9th day of May, 1991, the order of the Workmen's Compensation Appeal Board in the above-cap-

tioned matter is vacated and this matter is remanded for additional findings and conclusions consistent with this opinion.

Jurisdiction relinquished.