632 A.2d 1069

**Michael KANDRA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HILLS DEPARTMENT STORE and Royal Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1993.

Decided Oct. 21, 1993.

Steven E. Leindecker, for petitioner.

Joseph F. Grochmal and James A. Mazzotta, for respondents.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Michael Kandra (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing a decision of a referee and denying Claimant benefits under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act).[1]

On August 24, 1990, Claimant, a "dock worker," filed a claim petition against Hills Department Store (Employer) alleging that he was attacked by a third party on Employer's premises while acting within the scope of his employment on June 28, 1990. On September 20, 1990, Employer filed an answer denying the petition. After a hearing at which only Claimant testified and presented medical evidence, the referee made the following relevant findings of fact and conclusions of law:

## FINDINGS OF FACT

4. The claimant served as a dock clerk for Hills and his duties required him to load and unload freight and trucks.

5. On June 28, 1990, the claimant reported to work at 8:00 A.M. While waiting for the department store to open, the claimant was eating a sandwich and dropped the cellophane wrapper onto the ground. The claimant was standing on the sidewalk about six feet in front of the store.

6. After the claimant refused to pick up the wrapper, he was attacked by a maintenance man, with whom the claimant had no personal acquaintance. The claimant testified that he had seen the maintenance man before but did not know his name at the time of the incident. [Employer] did

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 411(1).

not present any evidence to show personal reasons for the attack.

## CONCLUSIONS OF LAW

1. The claimant met his burden of proving that he sustained a disabling injury in the course of his employment with [Employer]. The claimant was within the scope of his employment when he·was injured by a third party. An employee may be injured in the course of employment when, although not actually engaged in furtherance of the employer's business, he is on the premises occupied or under the control of the employer....

2. [Employer] did not meet his heavy burden of proving that the assailant had the intent to injure the claimant for personal reasons....

The referee then granted Claimant's claim petition for the above period from June 28, 1990 until October 8, 1990 and then suspended compensation.

■ Claimant and Employer cross-appealed this decision to the Board and on November 2, 1992, the Board reversed the referee's grant of compensation concluding that while Claimant was on Employer's premises and within the scope of his employment when injured, Claimant was excluded from coverage under the Act because he suffered non-compensable injuries which· originated· in a "personal attack." *See* Section 301(c)(1) of the Act, 77 P.S. § 411(1). This appeal followed.[2]

---

2. Neither party has appealed, nor do they dispute, the Board's conclusion that Claimant was on Employer's property and was injured in the course of his employment. We note in passing, nevertheless, that we have consistently held that even though not actually engaged in the employer's work, an employee will be considered to have suffered an injury in the course of employment if the injury occurred on the employer's premises at a reasonable time before or after the work period. *See Brind Leasing Corp. v. Workmen's Compensation Appeal Board (Dougherty),* 137 Pa.Commonwealth Ct. 65, 584 A.2d 1102 (1990); *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board (Kurta),* 55 Pa.Commonwealth Ct. 465, 423 A.2d 792 (1980). Here, Claimant testified that he arrived early at work and was eating breakfast and socializing before his scheduled 8:00 a.m. shift and before Employer opened the store. Claimant stated that he was standing approximately six feet from the employee's entrance at the time he was

■ Claimant argues before this Court[3] that the Board erred in reversing the referee's decision because Employer did not meet its burden of proof to demonstrate the intent of the third party attacker was to injure Claimant for purely personal reasons. Claimant states that by ruling as it did, the Board created a situation in which Claimant is required to disprove by his own testimony an affirmative defense raised by Employer where Employer has the burden of proof and yet has produced absolutely no evidence.[4]

Employer contends on the other hand that a worker's compensation claimant does not sustain a compensable work related injury where the injury resulted from an attack by a third party not directed against the claimant "as an employee or because of his employment" and, while conceding that it has the burden of establishing this point, argues that Claimant's own testimony in this case satisfied its burden.

Section 301(c)(1) of the Act states in pertinent part:

The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his employment. . . .

attacked. This testimony constitutes evidence sufficient as a matter of law to support the referee's conclusion that Claimant was on Employer's property and injured in the course of his employment.

3. Our scope of review on appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been made, or whether constitutional rights have been violated. *Meltzer v. Workmen's Compensation Appeal Board (Devereux Foundation)*, 155 Pa.Commonwealth Ct. 190, 625 A.2d 109 (1993).

4. Claimant cites the recent case of *Helm v. Workmen's Compensation Appeal Board (U.S. Gypsum Co.)*, 139 Pa.Commonwealth Ct. 587, 591 A.2d 8 (1991), for the proposition that there is a rebuttable presumption of coverage by the Act when an employee is attacked on the employer's premises by a third party. Claimant, however, ignores the language in *Helm* which clearly states that the rebuttable presumption exists *only* when an employee is injured by another employee. *Id.* at 590, 591 A.2d at 10. Because this is a situation in which a claimant was attacked by a third party and not another employee, no rebuttable presumption exists in this case.

When reviewing a Section 301(c)(1) case, we recognize that the Act is to be liberally construed due to its remedial nature and that the employer has the burden of proving that the assailant intended to injure the victim due to personality differences. *Repco Products Corp. v. Workmen's Compensation Appeal Board*, 32 Pa.Commonwealth Ct. 554, 379 A.2d 1089 (1977). In this case, Employer relies on Claimant's own testimony which follows to satisfy its burden. Claimant testified:

Q What happened to you on June 28, 1990?

A I was waiting to go to work, waiting for them to open the doors at work at eight o'clock. That's when I was scheduled to work. I was eating an egg sandwich and talking to a friend and the yolk broke and the cellophane was leaking on my hands so I dropped it. The maintenance approached me with his son and he never saw me dispose of this paper himself on the ground and he started getting hostile with me. He was standing over the paper with a brown bag and a stick and he said, pick it up and I said no, I'm not picking it up. That's your job. He said, Mike, I'm telling you to pick it up. He started raising his voice and I said no, that's your job. With that he struck me and he grabbed ahold of me and threw me and I went flying off the sidewalk and I broke my collarbone.

(R.R. 9–10.) In reversing the referee the Board focused on the above testimony and stated that the maintenance man did not strike Claimant because he was an employee or because of his employment but did so because Claimant refused to pick up the wrapper which Claimant had dropped onto the sidewalk. Consequently, the Board concluded that this type of injury was not covered by the Act.

We agree Claimant's refusal to pick up the wrapper had nothing to do with his status as an employee. And it was this non-work-related act which provided the impetus for the attack. Because the attack was a personal attack upon Claimant, the Board properly denied benefits.

Affirmed.

## *ORDER*

NOW, October 21, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

SMITH, Judge, dissenting.

Employer has the burden to produce evidence to prove its affirmative defense that Claimant suffered injury at the hands of a third party who intended to injure Claimant for reasons personal to the assailant. *Cleland Simpson Co. v. Workmen's Compensation Appeal Board,* 16 Pa.Commonwealth Ct. 566, 332 A.2d 862 (1975). That burden was not sustained by Employer who in fact presented no evidence to demonstrate that the maintenance employee attacked Claimant for personal reasons but instead relied upon Claimant's own testimony to carry its burden of proof.

Thus the Board erred in reversing the referee who correctly determined that Claimant was within the scope of his employment when injured while on Employer's premises and that Employer failed to meet its heavy burden of proving injury to Claimant due to personal reasons of the assailant. The record conclusively establishes Claimant's entitlement to workmen's compensation benefits.