**William HELMS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNITED STATES GYPSUM CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 1994.

Decided Jan. 9, 1995.

Brian R. Steiner, for petitioner.

Deborah L. Hartwell, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

William Helms (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed the referee's denial of benefits under Section 301(c) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411. We affirm.

Claimant worked as a maintenance mechanic for United States Gypsum Company (Employer). On June 27, 1985, Claimant engaged in an altercation with George Simpson (Simpson). As a result of this fight, Employer discharged Claimant and Simpson.

On July 15, 1985, Claimant filed a petition alleging that he was injured in the course and scope of his employment following the altercation with Simpson. Employer filed a timely answer denying all material allegations. At the hearing before the referee, Claimant and his treating physician testified. Employer presented the testimony of Charles Kahler, the plant manager, who thoroughly investigated the circumstances of the incident.

The referee circulated a decision denying benefits, finding that Claimant was not in the course and scope of his employment at the time of the injury because the altercation was the result of personal animosity. The WCAB affirmed. Claimant appealed to this Court. We remanded on the basis that the referee had improperly shifted the burden of proving "intent" to Claimant to show that the

injury was for reasons personal to the assailant.

At a remand hearing, no additional evidence was presented. The referee reviewed the entire record and made detailed findings of fact and conclusions of law. The referee's decision discussed testimony and documentary evidence presented by Employer, as well as the cross-examination of Claimant, to establish that Employer had met its burden of proof. The referee found that Employer rebutted the presumption that the injury, while occurring at work, was the result of personal animosity, and thus, not work-related. The WCAB again affirmed and Claimant now appeals to this Court.[1]

Claimant asserts that Employer failed to meet its burden of proof because Employer did not present the testimony of Simpson, the other combatant in the altercation. Claimant continues to insist that he was an innocent bystander assaulted by Simpson and thus, because Employer did not introduce Simpson's testimony to show Simpson's intent, Employer had failed to meet its burden of proof.

■ Section 301(c) of the Act excludes from compensation those injuries occurring as a result of acts of third parties for personal reasons. While an assault that occurs on an employer's property creates a presumption that a claimant is covered by the Act, *Cleland Simpson Co. v. Workmen's Compensation Appeal Board (McLaughlin)*, 16 Pa.Commonwealth Ct. 566, 332 A.2d 862 (1975), this is a rebuttable presumption which an employer can overcome by establishing that the reason for the altercation was unrelated to the employment. *General Electric Co. v. Workmen's Compensation Appeal Board (Williams)*, 50 Pa.Commonwealth Ct. 45, 412 A.2d 196 (1980).

Claimant asserts that because he was assaulted by Simpson that this Court must focus on Simpson's intent in order to meet the burden of proof that the fight was non-work-related. Claimant points to Employer's witness, Mr. Kahler, who Claimant contends testified that Simpson was the assailant. Claimant asserts that because the referee credited this witness' testimony, the WCAB erred in holding that Employer had overcome its burden.

■ However, we do not agree with Claimant's interpretation of the record. Employer's witness, Kahler, did not testify that *he believed* Simpson was the assailant but actually testified that *Claimant asserted that Simpson was the assailant.* Our review of the testimony reveals that Kahler testified that he investigated the allegations by interviewing both parties to the fight as well as all the eye-witnesses and specifically concluded that Claimant was not an innocent bystander but actively engaged in the altercation.[2] Thus, we hold that the referee's finding that Claimant was an active participant in the altercation is supported by substantial evidence.

■ Claimant also alleges that the referee's findings of fact are erroneous because the referee focused on Claimant's intent as established by Claimant's testimony instead of relying on the intent of the alleged assailant. However, because the referee found Claimant to have been an active participant in the altercation, Claimant's testimony as to the reasons for the fight can be relied upon as competent evidence.

■ Claimant testified on cross-examination that he suspected Simpson of using drugs and that he had a strong dislike for people who used drugs. Claimant also testified that he had seen Simpson in the locker room a few times smoking pot and threatened to report him to the police. (14a, 45a–46a.) This version of the events is confirmed by Kahler, who testified that Claimant, in fact, had recited these facts to him. Thus, the testimony concerning the reason, i.e., intent, was consistent and supports the refer-

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

2. Although Kahler's testimony regarding the altercation is hearsay, Claimant's counsel did not object to Kahler's testimony before the referee, nor was this issue raised to this Court. Issues not properly raised to this Court are waived. Pa.R.A.P. 1551.

ee's findings concerning the reason for the altercation. Even without Kahler's testimony, an employer can rely on the cross-examination of a claimant to establish the reasons for an altercation leading to injury. *Kandra v. Workmen's Compensation Appeal Board (Hill's Department Store)*, 159 Pa.Commonwealth Ct. 251, 632 A.2d 1069 (1993).

Because Claimant was not found to be an innocent bystander, this case is distinguished from *Wills Eye Hospital v. Workmen's Compensation Appeal Board (Dewaele)*, 135 Pa.Commonwealth Ct. 6, 582 A.2d 39 (1988), *aff'd*, 525 Pa. 504, 582 A.2d 857 (1990). In *Wills Eye*, the claimant was suddenly attacked by a co-employee and the reasons for the attack was unclear. In that case, the referee believed the claimant's testimony that he was simply an innocent bystander and did not provoke or involve himself in the altercation in any way. On appeal, we focused on the intent of the assailant and held the employer responsible for presenting evidence of this assailant's intent. Here, Employer presented evidence to rebut the presumption that the altercation engaged in between the Claimant and Simpson was not in any way related to employment but concerned Claimant's feelings toward Simpson over his alleged drug use, an issue wholly unconnected to the employment of these two individuals. Therefore, we hold that the referee, as affirmed by the WCAB, correctly held that Employer had met its burden.

Accordingly, we affirm.

### ORDER

AND NOW, this 9th day of January, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.