**Steven W. DUFFY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ARCO CHEMICAL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 28, 1995.

Decided Sept. 6, 1995.

---

Wayne A. Schaible, for petitioner.

Martin J. Fallon, Jr., for respondent.

Before DOYLE and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Steven W. Duffy (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision and order granting two petitions for compensation benefits he filed.

Claimant worked for ARCO Chemical Company (Employer) as a First Class Mechanic. In 1989, he was the captain and coach for the Artisans Softball Team (Artisans) which belonged to a softball league co-sponsored by Employer. The softball season ran from early May 1989 until August 1989. The softball league banquet was held in September of 1989 at which awards were presented. Employer financially supported the softball league and paid for the banquet, trophies and awards. Employer also authorized one of its employees, Ronald Agster (Agster), to obtain estimates for the cost of 21 softball jackets for the Artisans for winning the league championship. Employer authorized and paid for the jackets that were eventually ordered.

On November 28, 1989, although Employer had arranged for United Parcel Service (UPS) to deliver the team jackets to its place of business, Claimant and Agster, without seeking Employer's permission and without a request from Employer, drove to Kelly's Sports Shop on their lunch hour to pick up the team jackets. Agster drove and Claimant was a passenger. On their way back to work from Kelly's Sports Shop, they were struck by a tractor trailer. Claimant sustained multiple injuries.

On February 8, 1990, Claimant filed a Claim Petition alleging that the injuries he sustained in the November 28, 1989 accident occurred while furthering the business of Employer and were, therefore, compensable.

Claimant filed a second Claim Petition on June 8, 1990 alleging a permanent, serious and visible scar on his neck as a result of the November 28, 1989 car accident.

Employer filed answers to the foregoing petitions on March 5, 1990 and June 12, 1990 respectively, denying that Claimant was in the course and scope of his employment when he was injured on November 28, 1989. Employer did not contest Claimant's injuries or the fact that timely notice of Claimant's accident was provided.

On August 10, 1992, the referee, following hearing, issued a decision and order awarding Claimant benefits. The Board, on February 16, 1995 reversed the referee, concluding that, as a matter of law, Claimant was not within the scope of his employment at the time he was injured.

■ On appeal,[1] Claimant argues that the Board ignored the referee's factual finding that Claimant was within the scope of his employment when he was injured. Additionally, he asserts that because the facts establish that he was furthering Employer's business at the time of his injuries, he is entitled to compensation. We disagree and affirm the Board's decision.

■ Initially, we note that the issue of whether an employee is acting within the course and scope of his or her employment at the time of injury is a question of law to be determined on the basis of the referee's findings of fact and is reviewable by this Court. *Empire Kosher Poultry v. Workmen's Compensation Appeal Board (Zafran),* 154 Pa.Commonwealth Ct. 276, 623 A.2d 887 (1993), *petition for allowance of appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994).

■ On the issue of whether Claimant was within the scope of his employment, the referee made the following relevant findings:

14. The Claimant, Steven Duffy, is found credible and convincing that he has been employed by the Defendant for 11 years as a Specialty Mechanic and that as a result of his injuries, continues to have problems with his balance, has a monotone voice and has a scar on his neck where a tracheotomy was performed right after the accident on November 28, 1989. The Referee has observed the scar and it is clearly visible from a distance of six to ten feet away from the Claimant and is permanent in nature. The Claimant is also found credible and convincing that he thought as team captain for the Artisans he should pick up the team jackets when they were ready at Kelly's Sporting Goods.

15. Mr. Ronald Agster, Maintenance Mechanic for ARCO Chemical, is found credible and convincing that he has been employed by the Defendant since August of 1987 and that the ARCO Chemical softball field is maintained by the company and that you must be an employee, former employee or affiliated with the company in some way to play in the ARCO Chemical Company's softball league. Mr. Agster is also found credible and convincing that he requested, through Mr. Chuck Ruoff, ARCO Manager of Facility Operations, that the company pay for the championship teams softball jackets. Mr. Agster is also found credible and convincing that the company eventually agree to pay for these jackets for the team members and that on November 28, 1989 he went to pick up these jackets while on his lunch hour at Kelly's Sporting Goods. Mr. Agster is also found credible and convincing that upon leaving Kelly's Sporting Goods, he remembers seeing a tractor trailer headed towards the vehicle he was driving and that his vehicle was hit by this tractor trailer at which time he lost consciousness and does not remember events after that.

16. Mr. Gary Wolf, ARCO Manager of Facilities, is found credible and convincing that he told Mr. Ronald Agster that he could get the team jackets as requested but that he should do all his work on attaining these jackets on his own time since the company had agreed to pay for the jackets.

---

1. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed and whether all necessary findings are supported by substantial evidence. *Bugay v. Workmen's Compensation Appeal Board (Mellon Bank, N.A.),* 156 Pa.Commonwealth Ct. 565, 628 A.2d 519 (1993).

17. Mr. Delber Sheldon, Craft Supervisor and Supervisor of the Claimant and Mr. Agster, is found credible and convincing that he was not aware that the Claimant and Mr. Agster had left the facility on November 28, 1989 to pick up softball jackets and would not have approved of using company time for this purpose if they had requested it. Mr. Sheldon is also found credible and convincing that he was preparing to take second step disciplinary action for the Claimant's failure to return from his lunch hour when he found out about the auto accident and later decided not to impose this discipline because of the seriousness of the Claimant's condition.

(Referee's decision, p.p. 3–4).

Based on the foregoing findings, the referee concluded that Claimant was within the scope of his employment at the time of his injury; however, the referee further noted the following in the discussion section of his decision:

The Referee has thoroughly reviewed all testimony provided by the parties during the lengthy litigation of this matter. *The Referee recognizes that no Defendant employer managerial authority directed the Claimant to pick up the softball jackets for the Artisans Softball Team. The Referee has also recognized that the Defendant had arranged through United Parcel Service to have these jackets delivered to ARCO Chemical Company....*

(Referee's decision, p. 6). (Emphasis added).

 In examining whether Claimant was within the scope of his employment at the time of his injury based on the foregoing findings, we start with the general rule that employees are on their own time at lunch and off-premise injuries occurring during lunch time are not sustained in the course of employment for purposes of the Pennsylvania Workmen's Compensation Act (Act).[2] *Carretti v. Schwanger,* 404 Pa.Superior Ct. 51, 589 A.2d 1165, *petition for allowance of appeal denied,* 529 Pa. 615, 600 A.2d 532 (1991). Furthermore, injuries sustained by an employee traveling to or from his or her place of employment are not compensable under the Act unless either: (1) the employment contract includes transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on special mission for employer; or (4) special circumstances indicate that claimant was furthering the business of employer. *Unity Auto Parts, Inc. v. Workmen's Compensation Appeal Board (Bigley),* 148 Pa.Commonwealth Ct. 4, 610 A.2d 1071, *petition for allowance of appeal denied, Bigley v. Workmen's Compensation Appeal Board (Unity),* 528 Pa. 618, 596 A.2d 801 (1991).

The Claimant correctly notes that this Court, on previous occasion, has held employees to be in furtherance of an employer's business affairs where said employees sustained injuries while playing on an employer sponsored sports team. *See Scott v. Workmen's Compensation Appeal Board (Packaging Corp.),* 113 Pa.Commonwealth Ct. 80, 536 A.2d 492 (1988). However, as pointed out by the Board in rendering its decision, this Court has never extended the holding of such cases beyond actual participation in an employer sponsored recreational event.

Here, it is undisputed that Claimant and Agster picked up their team jackets from Kelly's Sport Shop on their lunch break without Employer's request or permission, that the softball season had ended at the time they picked up the jackets and that Employer had previously arranged to have the jackets sent by UPS. We agree with the Board, given these facts, that Claimant was not furthering the business of Employer at the time he was injured and that the exception which we have applied to employee's participating in employer sponsored recreational activities is inapplicable here. Accordingly, we affirm the Board's order.

### ORDER

AND NOW, this 6th day of September, 1995, the order of the Workmen's Compensation Appeal Board dated February 16, 1995 is affirmed.

---

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.