Peter CAMIOLO, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (AMERICAN BANK NOTES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1998.

Decided Jan. 13, 1999.

Frederick N. Dorfman, King of Prussia, for petitioner.

Eric S. Scher, Philadelphia, for respondent.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Peter Camiolo (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) denying Claimant's petition for benefits. We affirm.

The facts in this case as determined by the WCJ are as follows. On December 9, 1992, Claimant received his paycheck from American Bank Notes (Employer). He clocked out from work during his lunch break and proceeded to drive his personal vehicle to the Super Fresh Store (Store), which is located approximately three miles from Employer's premises, in order to cash his check. Upon exiting his vehicle, Claimant was approached and beaten by a co-worker Daniel Ross (Ross). Ross told Claimant that from now on Claimant was going to pack two boxes.

Ross' comment concerning the two boxes was in reference to a job performed on Employer's premises which included the packaging of food stamps. Claimant testified that on December 7, 1992 Claimant and Ross,

while working together, had a disagreement as to who would pack one box of food stamps and who would be required to pack two. Ross threatened to ·physically harm Claimant, who reported the incident to the Employer, who then took steps to defuse the situation. Claimant testified that Ross' attack on him and his comment concerning the boxes resulted from their disagreement on December 7, 1992.

Based on the above facts, the WCJ denied Claimant's petition for benefits as Claimant failed to meet his burden of establishing that his injuries occurred in the scope of his employment. The WCJ observed that Claimant was off Employer's premises at the time of the injury and was not engaged in the furtherance of Employer's business at the time of the injury. On appeal the Board affirmed and this appeal followed.[1]

■ Claimant contends that the WCJ and Board erred in determining that his injuries did not occur in the course of his employment.[2] Section 301 of the Act, Act, 77 P.S. §411 defines injury and arising in the course of employment as follows:

> The terms "injury" and "personal injury" as used in this act, shall be construed to mean an injury to an employe ... arising in the course of his employment and related thereto .... The term "injury arising in the course of his employment" as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employee or because of his employment ... but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employers premises or elsewhere ....

As stated by our Supreme Court "[a] straight forward reading of the Act demonstrates there are only two requirements for compensability—(1) that the injury arose in the course of employment and (2) that the injury was related to that employment." "Injuries may be incurred in the course of employment in two distinct situations: (1) where the employee, whether on or off the premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the of the employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of premises or by operation of the employer's business or affairs thereon." *Workmen's Compensation Appeal Board (Slaugenhaupt) v. United States Steel Corp.,* 31 Pa.Cmwlth. 329, 376 A.2d 271, 273 (Pa.Cmwlth.1977). Here, because Claimant's injuries occurred off of Employer's premises, we must determine whether he was actually engaged in the furtherance of Employer's business or affairs.

■ Unfortunately for Claimant, the facts as found by the WCJ, establish that at the time of the attack, Claimant was not engaged in the furtherance of Employer's interests. Rather, Claimant was tending to personal matters off the Employer's premises at the time of the attack. Claimant had clocked out from work, drove off Employer's premises to the Store where he intended to cash his check, when he was attacked by Ross. The general rule is that employees are on their own time at lunch and off-premises injuries occurring during the lunch break are

1. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.),* 694 A.2d 405 (Pa.Cmwlth.1997).

2. Claimant maintains that in accordance with *Helm v. Workmen's Compensation Appeal Board (U.S. Gypsum Company),* 139 Pa.Cmwlth. 587,

591 A.2d 8 (Pa.Cmwlth.1991), there is a rebuttable presumption that an employee is covered under the Workers' Compensation Act (Act), Act of June 2, 1915 P.L. 736, *as amended,* 77 P.S. §§1–1041.4. if injured by a fellow employee on the work premises. While this is a correct statement of the law, Claimant was not on the Employer's premises at the time of the attack. As such, the presumption is not applicable.

not sustained in the course of employment. *Duffy v. Workmen's Compensation Appeal Board (Arco Chemical Co.)*, 664 A.2d 699, 702 (Pa.Cmwlth.1995). Although Claimant and Ross, his co-worker, had a disagreement two days before the attack wherein the two argued as to who would pack two boxes and who would pack one, the attack on Claimant, which occurred during his lunch break, did not occur while he was in the course of his employment.

Although Claimant contends that this case is similar to *Krawchuk v. Philadelphia Electric Company*, 497 Pa. 115, 120, 439 A.2d 627, 630 (1981), that case is distinguishable. In *Krawchuk*, Krawchuk worked for the employer as an electrical engineer. In addition to his regular duties, Krawchuk had also been working on a special project and was preparing a treatise he was to present on behalf of his employer. While at home, Krawchuk suffered a fatal heart attack. Although Krawchuk had been working at home, he was not working at the time of the heart attack. The day before the heart attack, Krawchuk was examined by his doctor who found that Krawchuk appeared tired and was under a great deal of stress due to his work.

Krawchuk's widow sought death benefits maintaining that Krawchuk's heart attack was work related. Although the referee granted benefits, the Board reversed and this court subsequently affirmed the decision of the Board. This court observed that the attack occurred off the employer's premises. Thus, in addition to proving that the injury arose in the course of employment and was related thereto, the widow was also required to show that Krawchuk was actually engaged in the furtherance of the employer's business at the time of the injury. Because the widow failed to prove that Krawchuk had been working at home at the request of his employer, this court determined that benefits were not warranted.

The Supreme Court reversed the determination of this court, holding that if an injury occurs off the employer's premises, the claimant need not prove that he was actually engaged at the time of the injury, in the furtherance of the employer's interests either express or implied, as the Act only requires a claimant to prove that the injury arose in the course of employment and the injury was related to the employment. In determining whether an injury is compensable the Supreme Court stated that location of the injury is merely a factor for the referee to consider. *Krawchuk*, 497 Pa. at 124, 439 A.2d at 632.

In *Krawchuk* the claimant proved that his heart attack arose in the course of employment. Here, Claimant's injury did not arise or occur until he was attacked, which attack occurred off of Employer's premises. As such, *Krawchuk* is distinguishable.

Claimant also relies on *Repco Products Corp. v. Workmen's Compensation Appeal Board*, 32 Pa.Cmwlth. 554, 379 A.2d 1089 (Pa.Cmwlth.1977). In *Repco*, decedent died of injuries inflicted by a co-worker. Before the incident, the claimant and his co-worker argued concerning repairs to the co-worker's machine. This court affirmed the decision of the Board and referee granting the claimant benefits because the assault resulted from personal animosity arising from a work-related dispute. In *Repco*, the issue, as articulated by this court, was "whether an injured party may be compensated for injury received in the course of his employment from an assault due to personal animosity arising from work-related disputes." *Id.* Thus, it was already determined in that case that the claimant was in the course of his employment. Such is not the case here.

Moreover, although this case is somewhat similar to *Repco*, where work-related animosity led to the injury, unlike *Repco*, the injury in this case occurred off Employer's premises during Claimant's lunch break, thee miles away from Employer's premises. This is not a case, where at the time of the injury, the claimant was engaged in the furtherance of the employer's affairs such as if he were attending a work-related conference or convention. Although Claimant and his co-worker had a disagreement at work, the attack in this case occurred off Employer's premises, when Claimant had clocked out from work and was attending to personal matters, not the furtherance of Employer's interests.

Claimant also implores us to engage in a but for analysis, *see Berro v. Workmen's Compensation Appeal Board (Terminix International, Inc.),* 165 Pa.Cmwlth. 298, 645 A.2d 342 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* 540 Pa. 609, 655 A.2d 996 (1995) (claimant awarded benefits for injury received in a car accident while driving to receive treatment for work related injury. But for driving to his physician for treatment of his work-related injury, the claimant would not have been in a car accident which resulted in further injuries), but the narrow issue before us is whether Claimant's injury is work-related. Hence, because the attack occurred off of Employer's premises, the issue is whether Claimant was in furtherance of Employer's affairs at the time of the attack.

Accordingly, as Claimant's injuries did not occur in the course of his employment, the order of the Board is affirmed.

### ORDER

NOW, January 13, 1999, the order of the Workers' Compensation Appeal Board, dated January 28, 1998, at No. A97–0533, is affirmed.