**Samuel EDWARDS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (VALUE–PLUS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2005.

Decided Feb. 28, 2006.

Reargument/Reconsideration Denied April 18, 2006.

Kenneth M. Kapner, Philadelphia, for petitioner.

Sheilann P. Hewitt, Philadelphia, for respondent.

BEFORE: SMITH–RIBNER, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Samuel Edwards (Claimant) petitions for review of the decision of the Workers' Compensation Appeal Board (Board) affirming the denial of Claimant's claim petition by a Workers' Compensation Judge (WCJ). Claimant alleged that he sustained injury to his lower back, left testicle and right leg when he was grabbed by his assistant supervisor and body slammed onto a table.

## I

The questions Claimant states are (1) whether the WCJ and the Board erred in concluding that Claimant was sexually harassed where he did not believe, perceive or allege that he was sexually harassed or claim a mental/mental injury due to the so-called sexual harassment and the employer presented no evidence of such a claim and the WCJ and Board cited no authority defining the conduct as sexual harassment; (2) whether the WCJ and the Board committed an error of law in determining that the so-called sexual harassment rebutted the presumption of coverage under Section 301(c)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1), for the physical injuries that Claimant suffered; and (3) whether public policy should bar an employer from asserting the personal animosity defense under Section 301(c)(1) of the Act where the employer raised and alleged that it sexually harassed Claimant.

The WCJ found that Claimant, a 49–year–old male individual, began his employment with Value–Plus, Inc. (Employer) on October 7, 2002 as a laborer/warehouse picker. During a lunch break in the employee lunchroom on June 26, 2003, Claimant's assistant supervisor, Zachary Campbell, approached and made a sexual comment to Claimant: "[H]e said that I should rub somethin' on your head, and directed to his penis." WCJ's Decision, Finding of Fact 2(d). Campbell walked over to Claimant and rubbed his head; Claimant gently pushed Campbell away and said that he should stop playing; Campbell then grabbed Claimant and slammed him on the table, grabbed his testicles and laid on top of him; and after the incident they went their separate ways. *Id.* Claimant suffered injury to his lower back, right leg and head; he later reported back pain from the incident to his supervisor and to Campbell.

Claimant filed a claim petition in August 2003, alleging that he suffered injury to his lower back, left testicle and right leg as a result of the incident. Employer filed a notice of workers' compensation denial. At the hearing before the WCJ Claimant testified regarding the incident and his required medical treatment. Claimant stated that Campbell had made similar comments beginning two or three weeks after Claimant began working there, and he admitted that he was not arguing with Campbell about anything work related when the incident occurred. Claimant also submitted, *inter alia*, the deposition testimony of George Bonafino, D.O. Employer submitted a March 2004 investigative report with photographs and a surveillance tape, but it presented no witness testimony.

The WCJ quoted the language of Section 301(c)(1) in part:

The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment.

The WCJ stated that based on Claimant's admissions the incident had nothing to do with his employment but rather was personal in nature. The WCJ indicated that the supervisor had been engaging in sexual harassment of Claimant since shortly after he began working there and that Employer met its burden as to the "personal animosity defense" via Claimant's testimony, citing *Kandra v. Workmen's Compensation Appeal Board (Hills Department Store),* 159 Pa.Cmwlth. 251, 632 A.2d 1069 (1993), and *Wills Eye Hospital v. Workmen's Compensation Appeal Board (De-*

*waele)*, 135 Pa.Cmwlth.6, 582 A.2d 39 (1988), *aff'd*, 525 Pa. 504, 582 A.2d 857 (1990). She stated that if Claimant's allegations were accepted as true, the verbal and physical acts of a sexual nature between a supervisor and a subordinate are allegations of sexual harassment. Therefore, as stated in *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole) (Heath I)*, 811 A.2d 90 (Pa.Cmwlth.2002), *vacated and remanded*, 580 Pa. 174, 860 A.2d 25 (2004), any sexual harassment that Claimant experienced was personal, not work-related or part of a proper employer/employee relationship, and any injury he suffered would not be work-related. The WCJ found no reason to distinguish between a mental injury and a physical injury.

The Board affirmed the WCJ, concluding that Claimant's testimony constituted substantial competent evidence to support the finding that the incident involved an act of sexual harassment. It further stated that Employer rebutted the presumption of coverage under the Act inasmuch as any sexual harassment that Claimant suffered was personal rather than work related, and therefore his resulting injury is not compensable under Section 301(c)(1), citing this Court's decision in *Heath I* although acknowledging that it had been vacated.[1]

## II

In its review, the Court must determine whether the Board violated constitutional rights, whether it committed an error of law and whether the necessary findings of fact were supported by substantial evidence of record. *See Gunter v. Workers' Compensation Appeal Board (City of Philadelphia)*, 573 Pa. 386, 825 A.2d 1236 (2003). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.*

Claimant argues that the Board erred in concluding that he suffered injury due to sexual harassment. Claimant discusses the burden of proof in discrimination cases under the standards enunciated in United States Supreme Court and Equal Employ-

---

1. This Court's first decision in *Heath* raised *sua sponte* the issue of whether the allegation of mental injury due to sexual harassment by a superior fell within the "personal animus" exception under Section 301(c)(1) of the Act, which the Court characterized as a jurisdictional consideration. Concluding that it did, the Court affirmed the decision of the Board that reversed the decision of the WCJ granting benefits to the claimant. The Supreme Court filed its decision on appeal on October 20, 2004, which was after the WCJ's decision in this matter but well before the Boards' decision. The Supreme Court held that the Section 301(c)(1) personal animus exception is not a jurisdictional matter but rather is an affirmative defense. As such it may be waived, and it was waived in that case by the employer's failure to raise it.

The Supreme Court vacated this Court's decision and order and remanded the matter for consideration of the merits of the claimant's appeal, i.e., her claims of mental injury due to abnormal working conditions, with the waived affirmative defense to play no role. The court specifically expressed no opinion on the meaning or the application of the personal animus exception to that case. On further review following remand, this Court again affirmed the Board, concluding that the testimony of the claimant and of her witnesses was not sufficient to make out her assertions of sexual harassment, that her allegation of a death threat was supported only by hearsay and that her evidence of job changes intended to accommodate her condition was not evidence of abnormal working conditions. *Heath v. Workers' Compensation Appeal Board (Pennsylvania Board of Probation and Parole) (Heath II)*, 867 A.2d 776 (Pa.Cmwlth.), *appeal denied*, —— Pa. ——, 890 A.2d 1061 (2005). Thus this Court's first decision, as a vacated opinion, may not be cited for authority for any proposition relating to allegations of sexual harassment and the personal animus exception.

ment Opportunity Commission cases. In particular he emphasizes the holding of *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), that if a victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment and there is no violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e–17. Claimant was injured due to uninvited horseplay of a co-worker during the lunch break, and he did not subjectively consider the sexual workplace banter as harassment. On questioning by the WCJ, Claimant stated that when Campbell made similar comments in the past it had been "in a joking way" and "just playing around." N.T., p. 13. Claimant asserts that the Court should not establish precedent affording an employer a new affirmative defense based on an assertion that it violated federal law and sexually harassed an employee.[2]

Claimant argues that this case is similar to *Wills Eye Hospital* where the claimant was injured when struck by a pipe swung at him by a co-worker following a non-work-related discussion in the cafeteria. There this Court stated:

> The fact that the assault occurred on Employer's premises creates a presumption that Claimant is covered by the Act, and Employer's burden to rebut this presumption is a heavy one. *Cleland Simpson Co. v. Workmen's Compensation Appeal Board (McLaughlin)*, 16 Pa.Commonwealth Ct. 566, 332 A.2d 862 (1975). In *Cleland* we noted that the burden of proving the intention to injure another employee for reasons personal

to the assailant rests with the employer. Assaults which are not purely motivated by personal animosity, or that arise out of a work-related dispute, or even out of horseplay, have been held compensable. *General Electric Co. v. Workmen's Compensation Appeal Board (Williams)*, 50 Pa.Commonwealth Ct. 45, 412 A.2d 196 (1980).

*Wills Eye Hospital*, 582 A.2d at 40. In that case the claimant was presumptively covered by the Act and the evidence rendered the assailant's motives unclear; the Court therefore affirmed the award of compensation for the employer's failure to meet its heavy burden of rebutting the presumption. Claimant argues forcefully that he is entitled to the presumption and that Employer has failed to rebut it. He notes that Employer could have called Campbell as a witness, but it did not do so.

Employer argues in response that the WCJ did not err in denying the claim petition based on the personal animus exception. It acknowledges that when an employee sustains injuries on an employer's premises resulting from actions of another employee a rebuttable presumption of coverage exists under the Act, but it asserts that an employer can rebut this presumption through evidence establishing that the third party acted for personal reasons, citing *Kandra*. It additionally cites *Bachman Co. v. Workmen's Compensation Appeal Board (Spence)*, 683 A.2d 1305 (Pa.Cmwlth.1996), for the proposition that it need not prove "personal animus" but only that Campbell intentionally inflicted injuries upon Claimant for personal reasons that were not associated with their

**2.** Claimant further argues that the Board improperly expanded *Heath I* to include physical injuries as a result of alleged sexual harassment. First he stresses that the Board erred when it relied on this Court's overturned decision in *Heath I*. However, even if the workers' compensation authorities could rely upon *Heath I*, Claimant argues that a "sexual harassment" personal animus exception would be overly expansive if it applied whenever a sexual remark was made in connection with any work incident or injury.

work. Employer argues that Claimant's testimony constitutes substantial competent evidence to support the WCJ's finding that Claimant did not suffer a work-related injury.

Employer counters Claimant's extensive discussion of the standards and burdens of proof in sexual discrimination cases under Title VII by asserting that he incorrectly presumed that the WCJ had some obligation to apply federal standards in the context of his claim petition. This case is not a claim for sexual harassment, and the WCJ never concluded as a matter of law that Campbell had sexually harassed Claimant. Instead, she concluded that Claimant's allegations "involve sexual harassment which is deemed not to be work related." WCJ Opinion, Conclusion of Law No. 3. Based on that fact, the WCJ applied the personal animosity exception and properly concluded that Claimant's injuries were not compensable. The evidence demonstrates that Employer successfully rebutted the presumption of coverage. Although Employer states that *Heath I* was reversed (in fact it was vacated), Employer continues to assert that this Court's holding that "injuries suffered in the workplace as the result of sexual harassment are not compensable under the Act remains valid and Judge Krass did not err in relying on this decision." Brief of Respondent, p. 8.

The Court need not dwell on the details of the parties' arguments relating to sexual harassment, apart from pointing out that the holding of a case that was vacated because the determinative issue was improperly raised *sua sponte* does not "remain valid." The WCJ and the Board cited correctly applicable decisions apart from *Heath I*, but they failed to apply the holdings of those cases. As noted in *Wills Eye Hospital*, 582 A.2d at 40, to meet its "heavy" burden to rebut the presumption of coverage where one employee injures another, the employer must prove *"the intention to injure* another employee for reasons personal to the assailant[.]" (Emphasis added.) All statements of the employer's burden repeat this same principle, which simply tracks the language of Section 301(c)(1) of the Act. *See, e.g., Kandra*; *General Electric Co.*; *Cleland Simpson Co.*

Although the conduct exhibited by Campbell obviously was intended to be offensive, there is no evidence whatsoever that Campbell intended to injure Claimant. In fact, the unrebutted evidence on this point is completely to the contrary. Claimant testified that when he spoke with Campbell on Monday, the next workday after the incident, "He told me, he said, look man, I didn't mean to hurt you, man. I like you." N.T., p. 18. While pursuing the theory not raised by Claimant that this case involved sexual harassment, and even citing this Court's first *Heath* decision after it was vacated, the Board and the WCJ overlooked the fact that Employer's burden was not met as to a crucial element of the personal animus defense, namely, that the assailant intended to injure the employee.

Campbell is characterized as an assistant to Claimant's supervisor, and there is no evidence of record to establish that with no reason or provocation Campbell would simply set out to injure an employee. In relying solely upon Claimant's testimony, Employer made no such showing on this point, and Employer consequently failed to meet its heavy burden to rebut the presumption of coverage when one employee injures another on the employer's premises. *Wills Eye Hospital*. The Court therefore concludes that the Board committed an error of law in determining that Claimant was injured due to an act of sexual harassment perpetrated against him. Ac-

cordingly, the Court reverses the order of the Board and in view of that reversal remands this matter for a determination of benefits due Claimant along with his litigation costs.

## ORDER

AND NOW, this 28th day of February, 2006, the order of the Workers' Compensation Appeal Board in this matter is reversed. This matter is remanded to the Board for remand to the Workers' Compensation Judge for a determination of Claimant's benefits and litigation costs.

Jurisdiction is relinquished.